# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins,<br><br>        Plaintiff,<br>v.<br><br>Lt. Taylor; Warden Palmer; Assistant Warden Roberson,<br><br>        Defendants. | Case No. 2:23-cv-01169-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 25). Plaintiff objected to the R&R. (Dkt. No. 28). For the reasons set forth below, the Court modifies the R&R and denies Plaintiff's motion for a temporary restraining order.

### I.    Factual Background

Plaintiff brings this action against Defendants, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff alleges that he was attacked by other inmates after Defendant Lieutenant Taylor called him a "snitch." (Dkt. No. 1 at 8, 10).

Plaintiff moves for a temporary restraining order. (Dkt. No. 17). Plaintiff argues that Defendants are retaliating against him. (*Id.* at 1). Plaintiff states that he went "on an outside medical run" and was not allowed cook his own food and take a shower upon returning. (*Id.*). Plaintiff argues that this treatment, inter alia, is retaliation and cruel and unusual punishment. (*Id.* at 2). Plaintiff also stated that he "will commit suicide if the Courts do not intervene." (*Id.*).

The Magistrate Judge recommended that the Court deny Plaintiff's motion for a temporary restraining order. (Dkt. No. 25). The Magistrate Judge found that Plaintiff did not make a clear showing that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in

1

the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  (*Id.* at 1-2) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).  Plaintiff filed a response to the R&R.  (Dkt. No. 28).  In his response, Plaintiff did not object to any of the Magistrate Judge's reasoning; instead, Plaintiff largely attacks the credibility Defendants' assertions and asks the Court to compel Defendants to produce documents and to subpoena Plaintiff's mental health doctor.  (*Id.*).  This matter is ripe for the Court's review.

## II.     **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III.    **Discussion**

"The standard for granting a temporary restraining order or a preliminary injunction is the same."  *Cricket Store 17, LLC v. City of Columbia*, 996 F. Supp. 2d 422, 427 (D.S.C. 2014).  Importantly, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997).  It follows that district courts should not grant temporary restraining orders when

the temporary restraining order "deals with a matter lying wholly outside of the issues in the suit." *Id.*

The reasoning for this rule is straightforward: "Ex parte temporary restraining orders. . . should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus, when a party moves for a temporary restraining order on issue outside of the suit, the underlying purpose of the temporary restraining order is absent.

Here, Plaintiff alleges violations under the Eighth Amendment in his complaint but moves for a temporary restraining order under a theory of retaliation. The Court finds that his retaliation claim—that he was denied the right to cook his own food and take a shower—is unrelated to his Eighth Amendment claim—that he was subjected to cruel and unusual punishment after being attacked after Defendant Lieutenant Taylor called him a snitch. *See Jones v. Sec'y Pennsylvania Dep't of Corr.,* 589 F. App'x 591, 594 (3d Cir. 2014) ( "The alleged ongoing retaliation against Jones is an issue wholly outside whether the defendants violated the Eighth Amendment's conditions of confinement guarantees by placing tape on Jones's cell door for one or two days in June 2011."). Accordingly, the Court denies Plaintiff's motion for a temporary restraining order as unrelated to the issues in the suit.

Even if the Court were to assume that the basis of the suit and the temporary restraining order were the same, the Court agrees, even after liberally construing his motions, with the Magistrate Judge that Plaintiff failed to carry his burden. Since "Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the

balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief," the Court denies Plaintiff's motion for temporary retraining order.

### IV.     Conclusion

For the reasons set forth below, the Court modifies the R&R and denies Plaintiff's motion for a temporary restraining order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

September 6, 2023
Charleston, South Carolina

4